**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


RONALD THOMPSON                                                              PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:05-cv-469 HTW-LRA

CITY OF MCCOMB, ET AL.                                                      DEFENDANTS


**ORDER**

Before this court is defendants' motion to dismiss[1] or, alternatively, for summary

judgment **[Docket no. 17]**.[2]  Plaintiff Ronald Thompson claims that defendants herein

violated his constitutional rights as guaranteed by the Fourteenth Amendment to the

United States Constitution.  Urging his cause of action under Title 42 U.S.C. § 1983,[3]

---

[1]Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, "[e]very defense, in law or fact, to a claim for relief in any pleading, rather a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted.

[2]Rule 56(b) of the Federal Rules of Civil Procedure provides: "(b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

[3]Title 42 U.S.C. § 1983 provides in pertinent part that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

he contends that he was denied due process when the police department of McComb, Mississippi, seized an automobile on his property. Plaintiff states that the police were not properly trained and supervised regarding the proper execution of a city ordinance which enabled officers for the City of McComb to remove presumably derelict vehicles from property within the city limits. Now, as previously stated, the defendants herein, namely the City of McComb Police Department, Billy Hughes, Perry Ashley, City of McComb, Mississippi, and Board of Mayor and Selectmen of the City of McComb, ask this court to dismiss this action. Plaintiff opposes the motion.

Also before the court are motions submitted by plaintiff, namely: a motion for default judgment [Docket No. 13], motions for additional time and a motion to dismiss the defendants' motion to dismiss [Docket No. 25].

The jurisdictional predicate for this case is federal question. Title 28 U.S.C. § 1331,[4] and civil rights jurisdiction under Title 28 U.S.C. § 1343[5] bestow subject matter jurisdiction to this court over this dispute because plaintiff is suing under § 1983, a federal civil rights statute.

---

by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... ."

[4]Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[5]Title 28 U.S.C. § 1343(a)(3) provides: "(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

# I. FACTUAL BACKGROUND

The plaintiff, acting pro se, filed a Justice Court action against the "McComb Police Department," an entity which does not exist apart from the City of McComb, Mississippi. The Justice Court informed the plaintiff that it did not have jurisdiction over the matter. Nevertheless, because of the plaintiff's persistence, the Clerk of the Justice Court relented and accepted the filing. The "Civil Affidavit" which is the form of a complaint in the Justice Court, attempted to assert trespass against the McComb Police Department. On November 5, 2004, the Justice Court entered a Judgment stating that the plaintiff's claim was denied. When the plaintiff asked for the basis for the denial, the Justice Court again stated that it had no jurisdiction over the matter.

The plaintiff proceeded to file a hand-written document with the Pike County Court on November 5, 2004, entitled "Notice of Appeal." The plaintiff contends that he knew of no other route to take to pursue this matter.

Finally, the plaintiff obtained counsel who dismissed the inartfully worded and improperly filed document and prepared the instant lawsuit which now raises constitutional claims against the City of McComb under Title 42 U.S.C. § 1983.

For the purposes of the instant motion before the court, the plaintiff notes that his filing in the state court did not constitute either a civil rights claim under Title 42 U.S.C. § 1983 or a tort claim under Mississippi's Tort Claims Act.[6]

_____

[6] Miss. Code Ann. § 11-46-1, et. seq.

## II.  MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendants moves to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  In the alternative, defendants request summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[7]

The defendants' motion to dismiss or for summary judgment is based on the *Rooker-Feldman* Doctrine, which holds that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.' " *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000);  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923);  and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).  The defendants assert that the instant federal court lawsuit challenges a final judgment of the Pike County, Mississippi, Justice Court.

Should the *Rooker-Feldman* Doctrine not apply, the defendants alternatively seek dismissal based on qualified immunity.  They contend that the plaintiff cannot pierce the qualified immunity shield protecting the defendants in their individual capacities.  *Price v. Roark*, 256 F.3d 364 (5th Cir. 2001).

---

[7]Rule 56, in pertinent part, reads:

(b) A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) . . . The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

*The Rooker-Feldman Doctrine*

Two elements are required for application of the *Rooker-Feldman* Doctrine. First, the plaintiff must have been a party to a final judgment in a state court judicial proceeding. Secondly, the plaintiff's federal complaint must seek appellate review of the state judgment in a United States trial court. *Johnson v. De Grandy*, 512 U.S. 997, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994). Moreover, the *Rooker-Feldman* Doctrine will apply if the federal court is confronted with issues that are "inextricably intertwined" with a state court judgment and the court is in essence being called upon to review the state court decision. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995); *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

In *Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005), the United States Supreme Court held that the *Rooker-Feldman* Doctrine is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. In both *Feldman* and *Rooker,* the plaintiffs, alleging federal-question jurisdiction, called upon a district court to review and overturn an injurious state-court judgment. *Id.*, at 1526. If the instant case makes no such request, and no issue is presented which was "inextricably intertwined" with a state court judgment, then the *Rooker-Feldman* Doctrine would not apply to this case.

In the instant case, this court is not being asked to review and overturn the

Justice Court's determination that it had no jurisdiction over the plaintiff's filings. Instead, this court is confronted with a federal claim which never was brought in any state court. Thus, the court is persuaded that the *Rooker-Feldman* Doctrine is inapplicable here.

*Qualified Immunity*

The plaintiff submits that, upon review of the pleadings, he concedes his claims against the defendants in their individual capacities and agrees that these claims may be dismissed under the doctrine of qualified immunity. The plaintiff nevertheless reserves his right to proceed against the individual defendants in their official capacities.

Under § 1983, a claimant may sue a natural person in his individual capacity, his official capacity, or both. The doctrine of qualified immunity shields officials from personal liability. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396, 410 (1982). Inasmuch as the plaintiff no longer maintains his claims against the police officers in their individual capacities, the defendants' motion to dismiss these claims against the defendants is granted.

## III. PLAINTIFF'S MOTIONS

Plaintiff requests default judgment on the grounds that defendants' affirmative defenses have no legal basis. Defendants respond that plaintiff is not entitled to default judgment[8] since defendants answered plaintiff's complaint more than two months before plaintiff filed his motion for default judgment. Plaintiff's motion is denied.

---

[8]Rule 55 of the Federal Rules of Civil Procedure provides that a party may be entitled to a default judgment "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."

Plaintiff filed two motions requesting an extension of time in which to respond to defendants' motion to dismiss. Plaintiff subsequently responded by filing his own motion to dismiss. Therefore, these motions are granted.

Lastly, plaintiff filed a motion to dismiss defendant's motion to dismiss. Plaintiff contends that defendants made false claims to this court in their motion to dismiss. The court has denied defendants' motion to dismiss. Therefore, plaintiff's motion to dismiss defendants' motion to dismiss is moot and denied.

## IV. CONCLUSION

The motion of the defendants to dismiss or for summary judgment under the *Rooker-Feldman* Doctrine [**Docket No. 17**] is denied. If granted, this motion would have terminated plaintiff's entire case. Defendants' alternative ground for dismissal, qualified immunity, is granted, as plaintiff has conceded the point. Here, this court dismisses suit against the defendants in their individual capacities. The plaintiff's *pro se* motion for default judgment [**Docket No. 13**] is denied. The plaintiff's motions for additional time [**Docket Nos. 22 & 23**] are granted. The plaintiff's *pro se* motion to dismiss the defendants' motion to dismiss [**Docket No. 25**] is moot and denied.

**SO ORDERED**, this the 24th day of February, 2010.

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

CIVIL ACTION NO. 3:05-cv-469-HTW-LRA
Order